UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NORTHRIDGE NATIONAL LABORATORY,

        Plaintiff,

    v.                                            Case No. 17-cv-1174-pp

SCHNEIDER NATIONAL INC.,
SCHNEIDER NATIONAL CARRIERS INC.,
and ABC CORPORATION,

        Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO AMEND ANSWER (DKT. NO. 19) AND GRANTING DEFENDANTS' UNOPPOSED MOTION TO FURTHER AMEND SCHEDULING ORDER (DKT. NO. 23)**

The defendants filed a motion to amend their answer, along with the proposed amended answer and exhibits. Dkt. No. 19. The defendants ask to add two affirmative defenses: a thirteenth, standing; and a fourteenth, asserting that the plaintiff obtained the property from the federal government "by committing fraudulent acts" and that "any equitable relief should be denied under the doctrine of unclean hands." Dkt. No. 19-1 at 7. The plaintiff does not oppose the amendment to the extent the defendants wish to assert lack of standing, but objects to the proposed fourteenth affirmative defense of fraud. Dkt. No. 20.

Rule 8 of the Federal Rules of Civil Procedure requires a defendant to plead affirmative defenses in its initial answer to a complaint. See Fed. R. Civ.

1

P. 8(c). But Rule 15, which governs amendments of pleadings, gives the district court discretion to allow a defendant to amend an answer to assert an affirmative defense it did not raise initially. Williams v. Lampe, 399 F. 3d 867, 871 (7th Cir. 2005); Jackson v. Rockford Hous. Auth., 213 F.3d 389, 392-93 (7th Cir. 2000). Courts should liberally grant leave to amend under Rule 15. Fed. R. Civ. P. 15(a); Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792 (7th Cir. 2004). The decision to grant or deny a motion to amend lies within the court's sound discretion, but leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Villa v. City of Chi., 924 F.2d 629, 632 (7th Cir.1991).

The plaintiff doesn't allege undue prejudice for either of the proposed amendments and doesn't oppose the request to add the affirmative defense of standing. Regarding the proposed affirmative defense of fraud, however, the plaintiff urges the court to deny the request to amend for two reasons. First, it argues that Rule 9(b) requires a party to plea fraud with particularity—even when raising it as an affirmative defense—and that the proposed amendment does not provide the required particularity. Dkt. No. 20 at 2. Second, the plaintiff notes that while the proposed defense asserts that equitable relief should be denied, the plaintiff has not pled claims for equitable relief. Id. For this reason, the plaintiff argues that it is "superfluous and unnecessary" for the defendant to add a fraud defense. Id. at 2-3.

The court agrees that the proposed amendment does not plead the fraud defense with the particularity required by Rule 9(b). The court will deny the motion to the extent that it seeks to add this defense but will allow the defendants the opportunity to plead more specifically.

In early March, the court extended the discovery and dispositive motions deadlines, requiring the parties to complete all discovery by June 3, 2019 and to file dispositive motions (if they choose to do so) by July 8, 2019. Dkt. No. 22. The defendants have filed an unopposed motion asking the court to again extend these deadlines. The court will grant that request, given its delay in ruling on the motion to amend.

The court **GRANTS** the defendants' motion to amend the answer to include a thirteenth affirmative defense asserting lack of standing. Dkt. No. 19.

The court **DENIES WITHOUT PREJUDICE** the defendants' motion to amend the answer to include a fourteenth affirmative defense based on fraud. Dkt. No. 19. The court **ORDERS** the defendants to file an amended answer by the end of the day on June 26, 2019.

The court **GRANTS** the defendants' unopposed motion to further amend scheduling order. Dkt. No. 23.

The court **ORDERS** that the parties shall complete all discovery by **July 18, 2019**.

The court **ORDERS** that any party wishing to file a dispositive motion must do so by **August 22, 2019**.

The court **ORDERS** that if the parties elect not to file a dispositive motion, they must file a joint status report by **August 22, 2019**.

Dated in Milwaukee, Wisconsin this 11th day of June, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**